UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STEVEN WAYNE ELLIOT,                      )
                                          )
            Plaintiff,                    )
                                          )
      vs.                                 )   Case No. 4:12CV551 HEA
                                          )
CITY OF WILDWOOD, MISSOURI, et al.,       )
                                          )
            Defendants.                   )
                                          )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant "St. Louis County Police Department-Wildwood Division's" Motion to Dismiss, [Doc. No. 4], and Defendant City of Wildwood, Missouri's Motion to Dismiss Counts II through IV of Plaintiff's Complaint, [Doc. No. 9]. Plaintiff has failed to respond to either of the Motions. For the reasons set forth below, the Motion to Dismiss filed by Defendant St Louis County Police Department-Wildwood Division is granted; Defendant City of Wildwood, Missouri's Motion to Dismiss is denied. The Court, will, however, convert the Motion to a Motion for Summary Judgment. As such, Plaintiff will be given leave to file a response within 14 days from the date of this Opinion.

## Facts and Background

Plaintiff has filed a four count Complaint against Defendants, City of Wildwood, Missouri, the "St. Louis County Police Department Wildwood

Division" and St Louis county police officer, James McDonald, individually.

Plaintiff alleges that his constitutional rights under 42 U.S.C. § 1983 have been

violated and also alleges claims for assault and battery under Missouri laws.

Count I of Plaintiff's Complaint alleges that Defendant McDonald violated

his rights under the Fourteenth Amendment and 42 U.S.C. § 1983 by using

excessive force when handcuffing him; Count II alleges that the City of Wildwood

violated Plaintiff's rights by delegating authority to Defendant McDonald, failing

to train, supervise and control him and failing to prevent a pattern of

transgressions; Count III claims that the City and the St. Louis County Police

Department are vicariously liable for Defendant McDonald's actions under

Section 1983, pursuant to the doctrine of *respondeat superior*; Count IV sets forth

a common law claim of assault and batter against Defendant McDonald in his

individual capacity and against the City and the County Police Department under a

theory of *respondeat superior*.

## Discussion

## Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the Court

must take as true the alleged facts and determine whether they are sufficient to

raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555-56 (2007). The Court does not, however, accept as true any allegation

that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The

complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a

motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Defendant Wildwood moves to dismiss Counts II and III because of Plaintiff's alleged theory of *respondeat superior*.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Cook v. City of Bella Villa,* 582 F.3d 840, 84849 (8th Cir.2009) (citation omitted). Plaintiff's civil right at issue is his right to be free from unreasonable seizures of his person, enshrined by the Fourth Amendment. *Moore v. Indehar,* 514 F.3d 756, 759 (8th Cir.2008). "The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person." *Guite v. Wright.* 147 F.3d 747, 750 (8th Cir.1998). "A section 1983 action is supported when a police officer violates this constitutional right." *Id.* (citation omitted). This court must evaluate plaintiff's claim of excessive force under the reasonableness standard of the Fourth Amendment. *Montoya v. City of Flandreau,* 669 F.3d 867, 870 (8th Cir.2012). The standard tests "whether the amount of force used was objectively reasonable under the particular circumstances." *Brown v. City of Golden Valley,* 574 F.3d 491, 496 (8th Cir.2009). This, in turn, is determined "by balancing the nature and

quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake ." *Montova.* 669 F.3d at 871 (citation omitted). Such a balance requires considering "the totality of the circumstances, including the severity of the crime, the danger the suspect poses to the officer or others, and whether the suspect is actively resisting arrest or attempting to flee." *City of Bella Villa,* 582 F.3d at 849. The degree of injury suffered, to the extent it shows the amount and type of force used, is relevant to ascertaining that balance as well. *Chambers v. Pennycook,* 641 F.3d 898, 904 (8th Cir.2011). Reasonableness should not be analyzed with the 20/20 vision of hindsight in the peace of the judge's chambers, but rather by the perspective of a reasonable officer on the scene. *See Graham v. Connor,* 490 U.S. 386, 396 (1989).

> "A claim against a county is sustainable only where a constitutional violation has been committed pursuant to an official custom, policy, or practice." *Johnson v. Blaukat,* 453 F.3d 1108, 1114 (8th Cir. 2006) (citing *Monell v. Dep't. of Soc. Servs. of N.Y.C.,* 436 U.S. 658, 690–91(1978)). And this custom, policy, or practice must be "the 'moving force' behind the violation." *Patzner v. Burkett,* 779 F.2d 1363, 1367 (8th Cir.1985) (quoting *Monell,* 436 U.S. at 694). "Moreover, the plaintiff must show not only that a policy or custom existed, and that it was causally related to the plaintiff's injury, but that the policy itself was unconstitutional." *Id.* at 1367 (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)).

*Luckert v. Dodge County* 2012 WL 2360879, 8 (8th Cir 2012).

## City of Wildwood's Motion to Dismiss

In support of its Motion, the City of Wildwood has submitted the affidavit of Daniel E. Dubruiel, City Administrator for the City of Wildwood, Missouri. Mr. Dubruiel's affidavit details the relationship between the City of Wildwood and St. Louis County. According to the affidavit, St. Louis County, pursuant to a Police Service Agreement, provides the City of Wildwood with police services in exchange for monthly compensation to the County. Defendant's submission, however, is premature at the Motion to Dismiss stage of the litigation, as a Motion to Dismiss tests the sufficiency of the Complaint, and does not rely on matters outside the pleadings. Pursuant to Rule 12(d), if matters outside the pleadings are presented to the Court, the motion must be treated as one for summary judgement under Rule 56. All parties are to be given a reasonable opportunity to present all the material that is pertinent to the motion. Accordingly, the Court will allow Plaintiff 14 days[1] from the date of this Opinion to submit a response.

**St. Louis County Police Department-Wildwood Division's Motion to Dismiss,**

Defendant St. Louis County moves to dismiss on the ground that it is not a suable entity. Defendant is correct in its argument. Police departments are not suable entities under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments

---

[1] Considering the fact that Plaintiff has failed to submit a response to the motion to dismiss, clearly 14 days is indeed more than reasonable.

are not usually considered legal entities subject to suit under § 1983).

Accordingly, Plaintiff's Complaint fails to state a cause of action against the St.

Louis County Police Department, and it will be dismissed.

## Conclusion

Plaintiff's Complaint fails to state a claim against Defendant St. Louis

County Police Department. With respect to Defendant City of Wildwood, because

Defendant has submitted materials outside the pleadings, the Motion must be

converted into a motion for summary judgment. As such, Plaintiff is given the

opportunity to present all material that is pertinent to the motion. Failure to do so

will result in the Court's conclusion that Plaintiff is unable to controvert

Defendant's proof, and summary judgment will be entered.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant "St. Louis County Police

Department-Wildwood Division's" Motion to Dismiss, [Doc. No. 4], is granted,

and St. Louis County Police Department is dismissed from this action.

**IT IS FURTHER ORDERED** that Defendant City of Wildwood,

Missouri's Motion to Dismiss, [Doc. No. 9], is denied. The Court, will, however,

convert the Motion to a Motion for Summary Judgment. As such, Plaintiff will be

given leave to file a response within 14 days from the date of this Opinion.

Dated this 12th day of July, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE