UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN WAYNE ELLIOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV551 HEA |
| | ) | |
| CITY OF WILDWOOD, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of Wildwood, Missouri's Motion to Dismiss Counts II through IV of Plaintiff's Complaint, [Doc. No. 9], which the Court has converted to a Motion for Summary Judgment.  Also before the Court is Defendant St. Louis County's Motion to Dismiss Counts III and IV of the First Amended Complaint, [Doc. No. 18].  Plaintiff opposes both motions.  For the reasons set forth below, the Motion to Dismiss filed by Defendant St Louis County is granted;  Defendant City of Wildwood, Missouri's Motion for Summary Judgment is granted.

## Facts and Background

Plaintiff has filed a four count Amended Complaint against Defendants, City of Wildwood, Missouri, St. Louis County through its Police Department and St Louis county police officer, James McDonald, individually.  Plaintiff alleges that his constitutional rights under 42 U.S.C. § 1983 have been violated and also

alleges claims for assault and battery under Missouri laws.

Count I of Plaintiff's Complaint alleges that Defendant McDonald violated his rights under the Fourteenth Amendment and 42 U.S.C. § 1983 by using excessive force when handcuffing him. Although the style of Count II sets out that it is against St. Louis County, the allegations in this count include Defendant Wildwood and claim that Defendant St. Louis County violated Plaintiff's rights by: delegating authority to Defendant McDonald to make policy, failing to train, supervise and control McDonald.  Count II alleges the acts off Defendant McDonald were part of a pattern of transgressions, of which these Defendants knew or should have known and that Wildwood and the County failed to act proactively to prevent such a pattern of transgressions.  Further, Count II alleges that citizens of the community have complained to the City of Wildwood on numerous occasions regarding similar acts on the part of Defendant McDonald. Defendant Wildwood and Defendant St. Louis County, while acting in concert, cooperation and/or conspiracy thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct of which they knew or should have known.  Plaintiff also claims in Count II  that the County waived sovereign immunity by purchasing a policy of insurance to insure itself against claims or cause of action for damages caused by city [sic] employees engaged in government functions, including the torts described in the Amended Complaint. Count III claims that the County Police Department is vicariously liable for

Defendant McDonald's actions under Section 1983, pursuant to the doctrine of *respondeat superior*.  Count IV sets forth a common law claim of assault and batter against Defendant McDonald in his individual capacity and against the County under a theory of *respondeat superior*.

## Discussion

## Standards of Review

### Summary Judgment Standard

The Eighth Circuit Court of Appeals recently restated the applicable standards relating to summary judgment as follows:

> Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)

(internal citations and quotation marks omitted).

The Eighth Circuit also recently explained what the nonmoving party must

do to meet its obligation to show that disputed facts are material:

> In order to show that disputed facts are material, the party opposing
> summary judgment must cite to the relevant substantive law in
> identifying "facts that might affect the outcome of the suit."
> Anderson [v. Liberty Lobby, Inc.], 477 U.S. [242] at 248 [(1986)].
> The nonmoving party must then categorize the factual disputes in
> relation to the legal elements of her claim. Id.; Rodgers v. City of Des
> Moines, 435 F.3d 904, 908 (8th Cir. 2006).

*Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011). Thus, to survive a

motion for summary judgment, the nonmoving party must "explain the legal

significance of her factual allegations beyond mere conclusory statements

importing the appropriate terms of art," and provide a "meaningful legal analysis

explaining how, under the applicable law, the disputed facts might prove [her] . . .

claim at trial." *Id*. at 752 (internal citations omitted).

## Rule 12(b)(6) Standard

When ruling on a motion to dismiss for failure to state a claim, the Court

must take as true the alleged facts and determine whether they are sufficient to

raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555-56 (2007).  The Court does not, however, accept as true any allegation

that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).   The

complaint must have "'a short and plain statement of the claim showing that the

[plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555

(quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957),

abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464,

473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009).  While detailed factual

allegations are not necessary, a complaint that contains "labels and conclusions,"

and "a formulaic recitation of the elements of a cause of action" is not sufficient.

*Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949.  The complaint must

set forth "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub.

Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v.

Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588

F.3d 585, 594 (8th Cir. 2009).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.  If

the claims are only conceivable, not plausible, the complaint must be dismissed.

*Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950.  In considering a

motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as

a whole, not parsed piece by piece to determine whether each allegation, in

isolation, is plausible."  *Braden*, 588 F.3d at 594.  The issue in considering such a

motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff

is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490

U.S. 319, 327 (1989).

## City of Wildwood's Summary Judgment

The Court converted Defendant Wildwood's Motion to Dismiss to a Motion for Summary Judgment because Defendant Wildwood supported its motion with the affidavit of Daniel E. Dubruiel, City Administrator for the City of Wildwood, Missouri. While Plaintiff was given the opportunity to respond to the Motion as one for summary judgment, Plaintiff has not controverted the motion with evidence, rather, he argues that the motion is premature, and discovery should be allowed. Notwithstanding this argument, Plaintiff has not moved the Court to allow discovery in accordance with Rule 56(e).

Defendant Wildwood urges that Count II[1] on the grounds that the Plaintiff cannot, as a matter of law, state a claim against Wildwood based on the theory of *respondeat superior*.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Cook v. City of Bella Villa,* 582 F.3d 840, 84849 (8th Cir.2009) (citation omitted). Plaintiff's civil right at issue is his right to be free from unreasonable seizures of his person, enshrined by the Fourth Amendment. *Moore*

---

[1]Defendant Wildwood originally sought dismissal of Count III, as well as Count II. Count III of the Amended Complaint no longer states a claim against Defendant Wildwood, and therefore, the Court need not address Wildwood's arguments regarding Count III.

*v. Indehar,* 514 F.3d 756, 759 (8th Cir.2008). "The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person." *Guite v. Wright.* 147 F.3d 747, 750 (8th Cir.1998). "A section 1983 action is supported when a police officer violates this constitutional right." *Id.* (citation omitted). This court must evaluate plaintiff's claim of excessive force under the reasonableness standard of the Fourth Amendment. *Montoya v. City of Flandreau,* 669 F.3d 867, 870 (8th Cir.2012). The standard tests "whether the amount of force used was objectively reasonable under the particular circumstances." *Brown v. City of Golden Valley,* 574 F.3d 491, 496 (8th Cir.2009). This, in turn, is determined "by balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake ." *Montova.* 669 F.3d at 871 (citation omitted). Such a balance requires considering "the totality of the circumstances, including the severity of the crime, the danger the suspect poses to the officer or others, and whether the suspect is actively resisting arrest or attempting to flee." *City of Bella Villa,* 582 F.3d at 849. The degree of injury suffered, to the extent it shows the amount and type of force used, is relevant to ascertaining that balance as well. *Chambers v. Pennycook,* 641 F.3d 898, 904 (8th Cir.2011). Reasonableness should not be analyzed with the 20/20 vision of hindsight in the peace of the judge's chambers, but rather by the perspective of a reasonable officer on the scene. *See Graham v. Connor,* 490 U.S. 386, 396

(1989).

> "A claim against a [city] is sustainable only where a
> constitutional violation has been committed pursuant to an official
> custom, policy, or practice." *Johnson v. Blaukat,* 453 F.3d 1108, 1114
> (8th Cir. 2006) (citing *Monell v. Dep't. of Soc. Servs. of N.Y.C.,* 436
> U.S. 658, 690–91(1978)).  And this custom, policy, or practice must
> be the 'moving force' behind the violation." *Patzner v. Burkett,* 779
> F.2d 1363, 1367 (8th Cir.1985) (quoting *Monell,* 436 U.S. at 694).
> "Moreover, the plaintiff must show not only that a policy or custom
> existed, and that it was causally related to the plaintiff's injury, but
> that the policy itself was unconstitutional." *Id.* at 1367 (citing *Polk
> Cnty. v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509
> (1981)).

*Luckert v. Dodge County*  2012 WL 2360879, 8 (8th Cir 2012).

Mr. Dubruiel's affidavit details the relationship between the City of Wildwood and St. Louis County.  According to the affidavit, St. Louis County, pursuant to a Police Service Agreement, provides the City of Wildwood with police services in exchange for monthly compensation to the County.

In accordance with the Police Service Agreement, St. Louis County trains the police officers in accordance with State statute.  The Agreement further provides that the "policies, procedures and Code of Conduct and Discipline of the St. Louis County Police Department will be followed in the establishment, enforcement and conduct of the above-referred services.  The City of Wildwood does not employ, train, supervise, or control any police officers, and does not make or maintain any policies regarding the conduct of police officers performing duties in the City of Wildwood.

Although Plaintiff argues that the City of Wildwood acted in concert with, and knew or should have known, of the policies, the record is completely devoid of any evidence to establish any unconstitutional actions on the part of the City of Wildwood.

Although Defendant Wildwood was originally named in Count IV of Plaintiff's Complaint, Count IV of the Amended Complaint no longer seeks recovery from Wildwood, and thus, Defendant's Motion with regard to Count IV is denied, as moot.

**St. Louis County Motion to Dismiss**

Defendant St. Louis County moves to dismiss Counts III and IV of the First Amended Complaint for failure to state a claim upon which relief may be granted. Plaintiff attempts to state a claim for vicarious liability against St. Louis County for the alleged actions of Defendant McDonald.

Although Plaintiff attempts to allege policies and customs, vague references to such policies and customs are insufficient to state a claim.

In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipality can be liable under § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. 2018. To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam); *Sanders v. City of Minneapolis,* 474 F.3d 523, 527 (8th Cir.2007). If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy

and the alleged violation. *See City of Canton v. Harris,* 489 U.S. 378, 388-92, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Such a showing requires either the existence of a municipal policy that violates federal law on its face or evidence that the municipality has acted with "deliberate indifference" to an individual's federal rights. *See Bd. of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404-07, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *City of Canton,* 489 U.S. at 388-89, 109 S.Ct. 1197

*Vetch v. Bartels Lutheran*, 627 F.3d 1254, 1258 (8th Cir. 2010).  Plaintiff merely states that the County failed to act on numerous occasions regarding similar acts on the part of its police officers and failed to act proactively to prevent a pattern of transgressions of Defendant McDonald.  These allegations fail to satisfy the standards set out in *Twombly* and *Iqbal.*

Regarding Count IV, Defendant urges dismissal based on sovereign immunity.  Plaintiff argues that the policy[2] offered by Defendant is ambiguous. Plaintiff seeks further discovery.  Contrary to Plaintiff's argument, the policy is

---

[2] Although the matter is before the Court on Defendant's Motion to Dismiss, because Plaintiff has put the policy of insurance in issue through his Amended Complaint, the Court may consider the policy of insurance even though it is outside the pleadings in that it is necessarily embraced by the pleadings.

"Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Enervations, Inc. v. Minn. Mining & Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir.2004) (quotations omitted). Documents necessarily embraced by the pleadings include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir.2003) (citing *In re Syntex Sec. Litig.,* 95 F.3d 922, 926 (9th Cir.1996)).

*Ashanti v. City of Golden Valley* 666 F.3d 1148, 1151 (8th Cir. 2012).
1.

clear.

> To establish coverage of only those claims for which sovereign
> immunity is not authorized under Section 537.600 et seq R.S.Mo.
> (2007 as amended). County expressly does not hereby waive, and
> County does hereby avail itself of and reserve, any and all rights,
> immunities, protections and defenses available under Section 537.600
> et seq., under any present and future state or federal provisions, or
> under common law as it develops.

The non-waiver-of-sovereign immunity provision bars an action for assault and

battery against the County of St. Louis, and therefore, its Motion to Dismiss must

be granted.

## Conclusion

Plaintiff's Complaint fails to state a claim against Defendant St. Louis

County in Counts III and IV.  Likewise, Defendant City of Wildwood is entitled to

summary judgment on Count II because it had no control over any of the actions of

Defendant McDonald under the Police Service Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis County Motion to

Dismiss, [Doc. No. 18], is granted, and Counts III and IV are dismissed.

**IT IS FURTHER ORDERED** that Defendant City of Wildwood,

Missouri's Motion to Dismiss, [Doc. No. 9], which the Court has converted to a

Motion for Summary Judgment, is granted.  A judgment as to Wildwood will be entered upon resolution of the remaining claims herein.

      Dated this 28th day of March, 2013.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE